# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | **CRIMINAL ACTION** |
| ) | **No. 08-10121-GAO** |
| WIDNER LEMARRE, ) | |
| Defendant. ) | |

## DETENTION ORDER

### MAY 28, 2008

**SOROKIN, M. J.**

The Indictment charges Widner Lemarre with Conspiracy to commit wire fraud as well as substantive wire fraud offenses arising out of an alleged mortgage fraud in which inflated sales prices were submitted to mortgage companies along with fraudulent supporting documentation. The government has moved to detain Lemarre on risk of flight grounds under 18 U.S.C. § 3142(f)(2)(a).

The offense netted a profit of $1.92 million; Lemarre received approximately $109,000. Some of these funds may have gone to pay other defendants. The record does support the finding, which I make, that Lemarre received a substantial portion of these funds. In the course of the scheme, Lemarre acted as a mortgage broker preparing fraudulent loan submissions at inflated prices as well as related supporting information. These offenses involved the submission of fraudulent documents and, in some cases, the use of fraudulent identification documents. The evidence against Lemarre appears strong. Upon his arrest, Lemarre stated he was "guilty" of falsifications in loans submitted in the name of A.A.

Lemarre is not a United States citizen, rather he is a lawful permanent resident. He has resided in the United States for many years. He is now 34. Although the offenses charged will result, if he is convicted, in the entry of an order of deportation, defense counsel contends that the United States is not now deporting persons to Haiti, Lemarre's birthplace. Lemarre already appears deportable based upon a prior conviction. His immediate family resides in the United States; specifically his wife (from whom he has been separated for many years) and their two children aged 13 and 16, his fiancé and their four children (ages 4 to 13) and a four year old son from a relationship with a third woman. His parents live in Haiti while his 12 siblings live between Boston and New Jersey.

Lemarre's documented employment history is limited. And, there were concerning discrepancies between his verified duration of employment and the short periods he reported. His criminal record includes convictions for Assault and Battery Dangerous Weapon and Armed Assault from 1991 for which, ultimately, a five to seven year sentence was imposed.

In 2006 the defendant spent approximately three months in Sierra Leone bringing his children to see relatives of his wife.

The defendant may be detained only if the Government establishes by a preponderance of evidence that he poses a risk of flight. 18 U.S.C. § 3142; United States v. Salerno, 481 U.S. 739 (1987); United States v. Patriarca, 948 F.2d 789 (1st Cir.1991).

In making the determination of whether "any condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other person and of the community," the statute mandates consideration of the following factors:

(1)   the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor

        victim or a controlled substance, firearm, explosive, or destructive device;

(2)      the weight of the evidence against the person;

(3)      the history and characteristics of the person, including

    (A)      the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B)      whether, at the time of the current offense or arrest, he was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law;

(3)      the nature and seriousness of the danger to any other person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g).

The Government's evidence establishes that the defendant poses a serious risk of flight in light of the fraudulent nature of the offense, the amount of money involved, the jail sentence suggested by the Guidelines, defendant's criminal record and defendant's immigration status notwithstanding that the United States might not presently be deporting persons to Haiti. Pretrial and the defendant propose defendant's release on a $50,000 unsecured bond. After careful consideration, I am persuaded that, on the record before the Court, the Government has met its burden of proving that no condition or combination of conditions will reasonably assure the appearance of the defendant.

ORDER OF DETENTION PENDING TRIAL

In accordance with the foregoing memorandum, IT IS ORDERED:

1. That Widner Lemarre be committed to the custody of the Attorney General or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. That Widner Lemarre be afforded a reasonable opportunity for private consultation with counsel; and

3. That on order of a court of the United States or on request by an attorney for the Government, the person in charge of the corrections facility in which Widner Lemarre is detained and confined shall deliver Widner Lemarre to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

RIGHT OF APPEAL

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

/s/ Leo T. Sorokin
LEO T. SOROKIN
United States Magistrate Judge